FILED
IN CLERK'S OFFICE
U.S. D...... ....... E.D.N.Y.

* ... 2 .. 2006 *

P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

PAUL PALMIERI,

              Plaintiff,

      - against -

TOWN OF BABYLON, THE TOWN BOARD
OF BABYLON, RICHARD SCHAFFER,
FRANCINE BROWN, STEVE BELLONE,
ELLEN McVEETY, and WAYNE HORSLEY
individually and in the capacity of each as a
Member of the Town Board of Babylon, Town
of Babylon Inspector NORMA VARLEY
individually and in her capacity as Town
Inspector, Town of Babylon Employees,
DEBRAH HEINZ, MARYANN LEARY and
LYNN BIZARRO, individually and in the
capacity of each as Town Employee, PETER
CASSERLY, individually and in his capacity
as Commissioner of Planning and
Development, CAMILLE LUCARINI,
individually and in her capacity as Zoning
Inspector for the TOWN OF BABYLON,
LORI FORTE, individually and in her
capacity as Zoning Inspector for the
TOWN OF BABYLON, DOROTHY
NEWMAN, individually and in her capacity
as Zoning Inspector for the TOWN OF
BABYLON, FRANK J. ALBERTI, ESQ.,
individually and in his capacity as attorney
for the TOWN OF BABYLON, DENNIS H.
COHEN, ESQ., individually and in his
capacity as attorney for the TOWN OF
BABYLON, and any other unknown
agents, assigns and/or employees of the
TOWN OF BABYLON, individually
and in the capacity of each as Town
employee,

              Defendants.

01 CV 1399 (SJ)
02 CV 6075 (SJ)

**ORDER**

1

-----------------------------------------------------------X

A P P E A R A N C E S:

LAW OFFICES OF
TIMOTHY M. McENANEY
28 East Main Street
Babylon, NY 11702
By:    Franklin Wilks, Esq.
Attorney for Plaintiff

FROOKS & FROOKS
3144 East Main Street
Mohegan Lake, NY 10547
By:    George Frooks, Esq.
Attorney for Plaintiff

YOUNG & YOUNG
863 Islip Avenue
Central Islip, NY 11722
By:    Richard W. Young , Esq.
Attorney for Plaintiff

R. BERTIL PETERSON, ESQ.
Staff Counsel
The Coalition of Landlords,
Homeowners & Merchants, Inc.
28 East Main Street
Babylon, NY 11702
Attorney for Plaintiff

KRAL, CLERKIN, REDMOND,
RYAN, PERRY & GIRVAN, LLP
69 E. Jericho Turnpike
Mineola, NY 11501
By:    Elbert Nasis, Esq.
       Thaddeus John Rozanski, Esq.
       Geoffrey H. Pforr, Esq.
Attorneys for Defendants

TOWN ATTORNEY'S OFFICE
Town of Babylon

2

P-049

200 East Sunrise Highway
Lindenhurst, NY 11757-2597
By:     Janice A. Stamm, Esq.
        Lynne A. Bizzarro, Esq.
Attorneys for Defendants

JOHNSON, Senior District Judge:

The facts and procedural history of this case are recounted in detail in an order

from this Court entered on January 11, 2006 (the "January 11, 2006 Order"), and shall not

be repeated here.  In the January 11, 2006 Order, this Court found, *inter alia*, that the

plaintiff, Paul Palmieri ("Plaintiff"), had failed to serve properly the Town Board of

Babylon, Francine Brown, Steve Bellone, Ellen McVeety, Wayne Horsley, Norma Varley,

Debrah Heinz, Maryann Leary, Lynn Bizzarro, Peter Casserly, Camille Lucarini, Lori

Forte, Dorothy Newman, Frank J. Alberti, Esq., and Dennis Cohen, Esq. (collectively, the

"Remaining Defendants").  See Jan. 11, 2006 Order, Docket Entry No. 131 at 8.

Moreover, the Court stated that, in accordance with Rule 4(m) of the Federal Rules

of Civil Procedure, Plaintiff was on notice that, within 60 days from the January 11, 2006

Order, his failure either to serve properly the Remaining Defendants or to show good

cause as to why proper service within the allotted time frame would be impracticable,

would lead the Court, on its own initiative, to dismiss the Complaint without prejudice as

to the Remaining Defendants.  Id. at 9.

In an Order dated March 14, 2006 (the "March 14, 2006 Order"), the Court noted

that more than 60 days had passed since the January 11, 2006 Order was entered, and

Plaintiff had failed either to serve properly the Remaining Defendants or to show good

3

P-049

cause as to why proper service within the allotted time frame was impracticable. The Court then dismissed the case without prejudice as to the Remaining Defendants. See March 14, 2006 Order. Docket Entry No. 137.

On March 22, 2006, Plaintiff filed a letter requesting that the Court vacate the March 14, 2006 Order because service had, in fact, occurred within the 60-day period. See Docket Entry No. 138. However, in a response also filed on March 22, 2006, the Remaining Defendants asserted that any such service was not proper. See Docket Entry No. 139. Plaintiff never contested the allegation of improper service.

As this Court has noted, generally plaintiffs have "the burden of demonstrating that service was proper." Howard Johnson Intern., Inc. v. Wang, 7 F. Supp. 2d 336, 339 (S.D.N.Y 1998). Because Plaintiff has failed to satisfy this burden, the Court finds service of the Remaining Defendants, while within the allotted 60-day time frame, nevertheless was improper. Thus, Plaintiff's request to vacate the March 14, 2006 Order is hereby DENIED.

SO ORDERED.

Dated: April 20, 2006
     Brooklyn, NY

s/SJ
Senior U.S.D.J.

4

P-049